IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal Action No. **3:07-CR-167-L** |
| | § | |
| **RUBEN B. BOHUCHOT** | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion for New Trial, filed January 27, 2015. After careful consideration of the motion, appendix, response, record, and applicable law, the court **denies** Defendant's Motion for New Trial.

**I.   Background**

On July 8, 2008, a jury convicted Ruben Bohuchot ("Bohuchot") and Frankie Wong ("Wong") of violating and conspiring[1] to violate 18 U.S.C. §§ 666(a)(1)(B) and (2) (bribery concerning programs receiving federal funds), and of conspiracy to commit money laundering.[2] Bohuchot was also convicted of obstruction of a grand jury proceeding[3] and of making a false statement on a tax return.[4] The court sentenced Bohuchot to a 132-month term of imprisonment and Wong to a 120-month term of imprisonment. The convictions and sentences of Bohochot and Wong were affirmed on appeal. *United States v. Bohuchot*, 625 F.3d 892 (5th Cir. 2010).

After his conviction and sentence were affirmed, Bohuchot sought habeas relief pursuant to 28 U.S.C. § 2255. The court allowed Bohuchot to amend his original petition to add a claim of "actual innocence." The court denied all claims raised by Bohuchot in his amended petition

---

[1] 18 U.S.C. § 371.
[2] 18 U.S.C. § 1956(h).
[3] 18 U.S.C. § 1512(c).
[4] 26 U.S.C. § 7206(1).

**Memorandum Opinion and Order – Page 1**

and denied Bohuchot's request for a certificate of appealability. The United States Court of Appeals for the Fifth Circuit also denied Bohuchot's request for a certificate of appealability and his request for reconsideration of its decision.

Bohuchot now requests that the court grant him a new trial with respect to his convictions for obstructing a grand jury proceeding and making a false statement. He does not seek a new trial regarding his convictions for bribery, conspiring to commit bribery, and conspiracy to launder monetary instruments.

## II.     Discussion

### A.     Standard

Bohuchot seeks a new trial based on newly discovered evidence pursuant to Federal Rule of Criminal Procedure 33. This rule provides as follows:

> (a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.
>
> (b) Time to File.
>      (1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
>      (2) Other Grounds. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

Fed. R. Crim. P. 33. A person seeking a new trial based on newly discovered evidence must show that:

> "(1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) failure to detect the evidence was not due to a lack of diligence by the defendant; (3) the evidence is not merely cumulative or impeaching; (4)

the evidence is material; and (5) the evidence introduced at a new trial would probably produce an acquittal."

*United States v. Franklin*, 561 F.3d 398, 405 (5th Cir. 2009) (quoting *United States v. Bowler*, 252 F.3d 741, 747 (5th Cir. 2001)).

### B.     Bohuchot's Contentions

Bohuchot contends the following "newly discovered" evidence entitles him to a new trial: an affidavit from his son-in-law, Bernard Cabatingan, dated September 30, 2011; and two letters from the Internal Revenue Service ("IRS"), dated December 12, 2012, and February 20, 2014. According to Bohuchot, the letters from the IRS show that it examined his tax returns for the years 2004-2006 and made no changes to his reported tax. Bohuchot contends that Cabatingan's affidavit clearly states that the alleged obstructive conversation between him and Bohuchot took place before Cabatingan was subpoenaed to testify before the grand jury. Bohuchot further contends that the IRS letters establish that his tax returns for the years 2004-2006 were proper and free of any error. Bohuchot therefore contends that no reasonable juror would have convicted him on the two charges made the basis of his motion for new trial had the "new" evidence been presented to the jury at trial.

### C.     Analysis

#### 1.     Timeliness of the Motion for New Trial

As the record unequivocally establishes, Bohuchot did not file his motion for new trial until January 27, 2015, which is more than six and one-half years after the date the jury rendered its verdict and well beyond the limitations period of three years as set forth in Rule 33(b)(1) and the 14-day limitations period set forth in Rule 33(b)(2). Accordingly, the court concludes that Bohuchot's motion for new trial was filed untimely.

**Memorandum Opinion and Order – Page 3**

### 2. Federal Rule of Criminal Procedure 45(b)

This rule allows a court to extend the deadline for filing a motion for new trial under two circumstances. The two circumstances are as follows:

> **(b) Extending Time.**
>   **(1) In General**. When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made:
>     (A) before the originally prescribed or previously extended time expires; or
>     (B) after the time expires if the party failed to act because of excusable neglect.

Fed. R. Crim. P. 45(b). As Bohuchot never requested the court for an extension of time during the three-year period after the jury convicted him, the court only considers whether Bohuchot failed to timely file his motion within the three-year period because of excusable neglect.

Bohuchot offers no explanation for his failure to file within the three-year period. Further, he offers no explanation as to why he could not have obtained the affidavit from his son-in-law or the two letters from the IRS before the expiration of the three-year deadline. Bohuchot simply has not established that he was diligent in attempting to discover the "new" evidence or file his motion for new trial before the expiration of the deadline.

Further, with respect to the substance of the letters, Bohuchot "overeggs the pudding." The letters do not state that Bohuchot's tax returns for the years 2004-2006 "were proper and error-free," as he contends. The final letter states in relevant part, "We made no changes to your reported tax [for the years 2004-2006]." Neither letter explains why no changes were made. Moreover, and more importantly, the "new" evidence on which the IRS relied has not been identified or submitted to the court for review.

**Memorandum Opinion and Order – Page 4**

### 3. Merits of Motion

Even if the court were to find that excusable neglect exists for Bohuchot's late filing of his motion for a new trial, the record establishes that the motion fails on the merits. This is so because Bohuchot, while speculating and making impermissible inferences regarding the so-called new evidence, fails to establish that: (1) the affidavit of Cabatingan and the IRS letters fall within the category of "newly discovered" evidence; (2) the evidence is not merely cumulative or impeaching; (3) he acted diligently in detecting or discovering the "new" evidence; and (4) the "new" evidence, if admitted at a new trial, would probably produce an acquittal of Bohuchot with respect to the charges of obstructing a grand jury proceeding and making a false statement on a tax return.

## III. Conclusion

For the reasons herein stated, the court **concludes** that Defendant's Motion for New Trial is not timely pursuant to Rule 33, and, even if timely, the motion fails on the merits. Accordingly, the court **denies** Defendant's Motion for New Trial.

**It is so ordered** this 25th day of February, 2015.

Sam A. Lindsay
United States District Judge